[Cite as *In re C.B.*, 2023-Ohio-620.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE C.B., ET AL.                              :

Minor Children                                 :               No. 112112

[Appeal by A.M., Mother]                        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 2, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD21902930, AD21902932, AD21902933, AD21902934,
and AD21902935

---

### *Appearances:*

Gregory T. Stralka, *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Joseph C. Young, Assistant Prosecuting
Attorneys, *for appellee*.

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Appellant, A.M. ("mother"), appeals from a decision of the Cuyahoga County Juvenile Court in these matters denying a continuance of trial. Ultimately, her parental rights were terminated and permanent custody was granted to the

Cuyahoga County Department of Children and Family Services ("CCDCFS" or "the Agency").

**{¶ 2}** Appellant raises only one assignment of error in this appeal, to wit:

The trial court's denial of Appellant's request for a continuance was an abuse of discretion since no opportunity was made to contact the Appellant.

**{¶ 3}** A complaint for neglect and temporary custody was filed by the Cuyahoga County Division of Children and Family Services ("CCDCFS" or "the Agency") on April 13, 2021 with respect to the minor child C.B. (d.o.b. 12/28/11), the minor child C.D. (d.o.b 9/11/16), the minor child A.D. (d.o.b. 1/20/18), the minor child K.W. (d.o.b. 12/16/19) and the minor child J.W. (d.o.b. 3/20/21).

**{¶ 4}** The complaint alleged that A.M. and child J.W. both tested positive for oxycodone and benzodiazepines at the time of J.W.'s birth. It further alleged that mother has substance abuse issues and, although she has engaged in treatment, she has been unable to maintain sobriety and she has a mental health diagnosis which is untreated and which interferes with her ability to provide adequate parental care for the children. The complaint also alleged that C.D. has special needs for which mother has failed to engage him in services.

**{¶ 5}** The fathers of these children have not been involved in their children's lives and are not a part of this appeal.

**{¶ 6}** A case plan was developed for A.M. and her children with the goal of reunification.

{¶ 7} Trial before the court on a motion to modify temporary custody to permanent custody was scheduled for, and called on, June 14, 2022. Present before the court was an assistant Cuyahoga County prosecuting attorney; counsel for mother; counsel for P.B., who is the father of C.B.; counsel for alleged father, J.W. and the guardian ad litem for the children. Also present were a family advocate and a social worker, employees of CCDCFS, both of whom testified.

{¶ 8} Prior to trial, counsel for P.B. sought excusal since he has been unsuccessful in his attempts to communicate with P.B. and, therefore, cannot advocate on his behalf. That request was granted by the trial court.

{¶ 9} Also prior to testimony being taken, counsel for A.M. requested a continuance of the trial because "I have not been able to have any contact with her either. I do not know her position * * *." Counsel for the Agency objected, stating that service was perfected on mother, that the anticipated testimony from the social worker is that mother has not visited the children in the past two months and that mother has had no contact with the Agency. Counsel for the Agency also cited the length of the pendency of this case.

{¶ 10} The trial court summarily denied the motion for continuance and trial commenced.

{¶ 11} Ultimately, the trial court granted permanent custody of the children to CCDCFS and terminated mother's parental rights.

{¶ 12} Appellant had appeared at hearings on May 6, 2021, May 27, 2021, July 1, 2021, July 8, 2021 and August 17, 2021 but, conversely, failed to appear at hearings held on April 6, 2022, April 26, 2022 and May 17, 2022.

{¶ 13} The decision whether to grant or deny a continuance rests in the sound discretion of the trial court. *State v. Ungar*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981).

{¶ 14} Thus, a trial court's denial of a motion for continuance will only be reversed on appeal if the trial court abused its discretion. *Id*. An abuse of discretion connotes more than an error of law or judgment, and implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 15} "In evaluating a motion for continuance, a court should note, *inter alia*, the length of the delay requested, whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." *Ungar* at 67-68.

{¶ 16} In this case, mother had appeared for prior hearings. In fact, it was the testimony of the Agency's family advocate that she had been in contact with mother in the morning hours on the day of the hearing which contradicts the statement made to the court by the attorney for CCDCFS.

{¶ 17} The trial court made no findings with respect to the decision to deny mother's request for a continuance.

{¶ 18} We take our responsibility in reviewing cases involving the termination of parental rights and the award of permanent custody very seriously. A parent has a "'fundamental liberty interest' in the care, custody and management" of his or her child, *In re Murray*, 52 Ohio St.3d 155, 556 N.E.2d 1169 (1990), quoting *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), and the right to raise one's own child is "'an essential and basic civil right.'" *In re N.B.*, 8th Dist. Cuyahoga No. 101390, 2015-Ohio-314, ¶ 67, quoting *In re Hayes*, 79 Ohio St.3d 46, 679 N.E.2d 680 (1997). Because the termination of parental rights is "'the family law equivalent of the death penalty in a criminal case,'" it is "an alternative [of] last resort." *In re J.B.*, 8th Dist. Cuyahoga No. 98546, 2013-Ohio-1704, ¶ 66, quoting *In re Hoffman*, 97 Ohio St.3d 92, 2002-Ohio-5368, 776 N.E.2d 485, ¶ 14.

{¶ 19} Under the particular circumstances of this case, we find that the trial court did abuse its discretion in denying appellant's motion.

{¶ 20} Judgment reversed. Case remanded to the trial court for further proceedings.

It is ordered that the appellant recover from the appellee the costs herein taxed.

The court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., CONCURS;
MICHELLE J. SHEEHAN, J., DISSENTS (WITH SEPARATE OPINION)

MICHELLE J. SHEEHAN, J., DISSENTING:

{¶ 21} Respectfully, I dissent.

{¶ 22} Applying the factors set forth in *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981), I find the trial court acted within its discretion in denying appellant counsel's request to continue the permanent custody trial.

{¶ 23} The record indicates appellant was properly served with notice of the permanent custody trial and also that she had failed to appear at three pretrial hearings prior to the trial. On the day of trial, appellant's counsel requested a continuance after trial had commenced, but could not explain appellant's absence, stating merely that he had been unable to have any contact with appellant and did not know what her position was on the permanent custody matter. Counsel did not request any specific length for the continuance. Further consideration of the *Unger* factors, including the limited statutory time (120 days) given to the agency to resolve the custody matter while the permanent custody motion had been pending for 116 days, as well as the resulting inconvenience to the witnesses, the opposing counsel,

the GAL, and the court, indicates that the trial court justifiably denied the request for a continuance. *See, e.g.*, *In re A.W.*, 8th Dist. Cuyahoga No. 109239, 2020-Ohio-3373; *In re C.W.*, 8th Dist. Cuyahoga No. 109219, 2020-Ohio-3189; and *In re S.R.*, 6th Dist. Ottawa No. OT-09-024, 2010-Ohio-3073.

{¶ 24} In applying *Unger*, I do not find significant the testimony of the agency's family advocate regarding her request to appellant for a drug screen on the morning of the trial. Her testimony indicates that she mostly communicated with appellant by text messages, since appellant generally did not answer or return phone calls, and, while she attempted weekly contact with appellant regarding her drug tests, appellant responded only once a month or every other month. Therefore, the testimony, read in context, does not indicate that there was any response or communication from appellant to the family advocate on the morning of the trial. I find the family advocate's testimony immaterial to the *Unger* analysis in this case.

{¶ 25} I further note that under Juv.R. 23, "[c]ontinuances shall be granted only when imperative to secure fair treatment for the parties." In addition, Loc.R. 35(C) of the Cuyahoga County Court of Common Pleas, Juvenile Division, provides:

> No case will be continued on the day of trial or hearing except for good cause shown, which cause was not known to the party or counsel prior to the date of trial or hearing, and provided that the party and/or counsel have used diligence to be ready for trial and have notified or made diligent efforts to notify the opposing party or counsel as soon as he/she became aware of the necessity to request a postponement. This rule may not be waived by consent of counsel.

{¶ 26} The record here does not reflect good cause for the continuance of the trial. While I recognize that biological parents have a constitutionally protected right to be present at a permanent custody hearing, *In re Sears*, 10th Dist. Franklin No. 01AP-715, 2002-Ohio-368, ¶ 11, "a parent facing termination of parental rights must exhibit cooperation and must communicate with counsel and with the court in order to have standing to argue that due process was not followed in a termination proceeding." *In re Q.G.*, 170 Ohio App.3d 609, 2007-Ohio-1312, 868 N.E.2d 713, ¶ 12 (8th Dist.). While biological parents have certain rights concerning their children, "'the focus of a permanent custody hearing and decision is not the parent's rights but rather the child's best interests.'" *In re J.H.*, 11th Dist. Lake No. 2012-L-126, 2013-Ohio-1293, ¶ 87, quoting *In re West*, 4th Dist. Athens No. 05CA4, 2005-Ohio-2977, ¶ 49. The trial court's decision here comports with "the Ohio General Assembly's intent to ensure the timely placement of children into a permanent home." *In re J.B.*, 8th Dist. Cuyahoga No. 98546, 2013-Ohio-1704, ¶ 116.

{¶ 27} "The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge." *Unger*, 67 Ohio St.2d 65, at syllabus. An abuse of discretion implies that court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Under the circumstances of this case, the trial court acted within its discretion in denying the request to continue the trial. Therefore, I dissent.